## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (this "Agreement") is made and entered into by and between Plaintiffs Access for the Disabled, Inc., a Florida non-profit corporation ("AFD"), Robert Cohen ("Cohen"), and Patricia Kennedy ("Kennedy") (AFD, Cohen, and Kennedy are collectively referred to as "Plaintiffs") and Defendant Andovski, Corp., a Florida corporation ("Defendant"). The signatories to this Agreement will be referred to jointly as the "Parties." This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described below.

### Preamble

**WHEREAS**, on or about May 25, 2011, Plaintiffs filed a lawsuit in the United States District Court for the Southern District of Florida, entitled *Access for the Disabled, Inc. et al. v. Andovski Corp.*, Case No. 11-CV-61214 (the "Action"), wherein Plaintiffs asserted claims against Defendant based upon purported violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq.* ("ADA") and related claims for relief respecting the real property and all structures and improvements thereon located at or about 4191 Pine Island Road, Sunrise, Florida 33351 ("the Facility");

**WHEREAS**, Defendant denies and continues to deny the claims and allegations in the Action, and that Plaintiffs are entitled to any legal or equitable remedies;

**WHEREAS**, the Parties desire to compromise and fully and finally resolve and settle all actual and potential claims or litigation between them, to avoid the uncertainty, time and expense that would accompany such litigation;

**WHEREAS**, the Parties have agreed, without Defendant admitting liability of any kind, to enter into this Agreement pursuant to which each and every claim and/or cause of action asserted or that could have been asserted by Plaintiffs against Defendant shall be fully, forever, and finally released; and

**NOW, THEREFORE**, in consideration of the covenants and mutual promises and agreements contained herein, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### 1. Attorney's Fees, Costs and Re-Inspection Fee

1.1 Plaintiffs shall execute this Agreement and Plaintiffs' counsel, Douglas S. Schapiro, Esq., Chepenik & Trushin, LLP 12550 Biscayne Blvd., Suite 904, Miami, FL 33181 ("Plaintiffs' Counsel"), shall execute a "Voluntary Dismissal with Prejudice" described in paragraph 1.2 below. The documents shall be held in escrow pending receipt by Plaintiffs' Counsel of the total sum of **$3,500.00** (comprising $3,150.00 in attorney's fees and costs and a $350.00 re-inspection fee). The sum of $3,500.00 shall be due upon execution of this Agreement. All payments shall be made payable to "Chepenik & Trushin, LLP," with an



1

indication that the check is issued "in settlement of Case No. 11-CV-61214. Plaintiffs' Counsel's Federal Tax ID Number is 27-3630282.

1.2 Upon delivery to Plaintiffs' Counsel of the fully executed Agreement and full payment, Plaintiffs shall promptly file an executed "Voluntary Dismissal with Prejudice".

1.3 Plaintiffs agree to take any and all additional steps required to obtain dismissal of the Action as set forth above. Except as set forth herein, each Party shall be responsible for payment of his or its own litigation expenses, costs and attorneys' fees.

1.4 Plaintiffs and Plaintiffs' Counsel acknowledge and agree that they are solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Payment hereunder. Plaintiffs and Plaintiffs' Counsel jointly and severally agree to indemnify, defend, and hold Defendant and the Released Parties (as defined in section 5.1 below), harmless from any claim or liability for any such taxes and related penalties and/or interest, in the event such taxes, penalties and/or interest are assessed by the United States Internal Revenue Service or any other taxing authority. Plaintiffs and Plaintiffs' Counsel, and each of them, expressly acknowledge that Defendant has not made any representations regarding the tax consequences of any Payment received pursuant to this Agreement.

## 2. Alterations or Modifications to the Facilities

2.1 The Parties hereto acknowledge and stipulate that Defendant will modify or alter the items expressly identified by and in the manner specified in Exhibit "A." The repairs or modifications identified in Exhibit "A" shall be completed in all respects no later than six (6) months from the effective date of the execution of this Agreement, which shall be the date indicated by the last signatory to the Agreement. The time period for Completion by Defendant shall be subject to acts of God, force majeure, or events beyond the control of Defendant, such as inability to obtain building or zoning permits, failure of the city/county or state inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the alterations or modifications in Exhibit "A" shall be extended by the number of days reasonably attributable to such delay-causing event as long as Defendant provides notice to Plaintiffs' Counsel prior to the original completion date set forth above.

2.2 The Parties stipulate that Defendant agrees that upon completion of the removal of the barriers and the alterations and modifications set forth in Exhibit "A", Defendant shall provide written notice by certified or registered mail to Plaintiffs' Counsel.

2.3 If the modifications or alterations described in Exhibit "A" conflict with the Florida Statutes, building construction standards, county or city regulations or codes, or any other statute, act, law, rule, regulation, code, standard, or state or local governing body whatsoever, Defendant shall attempt to identify and implement a reasonable alternative solution or variance should a readily achievable one exist. If any such alternative solution is applied by Defendant, Defendant agrees to notify Plaintiffs' Counsel of same.

2.4 Right to Inspection: Defendant agrees to pay to Plaintiff Access for the Disabled, Inc. a re-inspection fee of $350.00. The Parties stipulate that Plaintiffs shall have sixty (60) days, after Plaintiffs' Counsel receives notice of the completion of the alterations or modifications described in Exhibit "A," to inspect the Facilities to ensure that Defendant has completed the repairs or modifications described in Exhibit "A." Defendant shall provide Plaintiffs or their representative reasonable access to the Facilities to verify completion of the work described in Exhibit "A." The Plaintiffs' inspection contemplated herein shall be coordinated with the Defendant so that the inspection occurs at a time that minimizes the interruption or intrusion to Defendant.

2.5 If an inspection contemplated herein reveals that any of the alterations or modifications described in Exhibit "A" have not been performed, or have been performed in a manner that the Plaintiffs believe does not comply with Exhibit "A," Plaintiffs shall send written notification to Defendant via certified mail. The description of the allegedly deficient or incomplete alteration(s) and/or modification(s) contained within the written notice shall be sufficiently detailed so that the Defendant can identify why the Plaintiffs allege that the alteration(s) and/or modification(s) is deficient and how the allegedly deficient or incomplete item can be cured. Defendant shall have ninety (90) days from the date of receipt of the written notice to complete the item(s) identified in the written notice to the satisfaction of Plaintiffs or show cause as to why Plaintiffs are incorrect in their assessment of the violations.

## 3. Enforcement Provisions

3.1 In the event the alterations and modifications described in Exhibit "A" are not completed in the time frame set forth in this Agreement or if all payment of attorney's fees are not timely received by Plaintiffs' Counsel, Plaintiffs shall be entitled to obtain injunctive relief based on the modifications detailed in Exhibit "A" or damages amounting to the amount of attorney's fees not paid to Plaintiffs' Counsel.

3.2 Additionally, Defendant agrees that the removal of the barriers and the alterations and modifications will benefit Plaintiffs by providing access to the Facilities. Defendant further agrees and acknowledges that until all removal of the barriers and the alterations and modifications described in Exhibit "A" are complete, Plaintiffs will not have access to the Facilities and/or will not have full and equal access to the Facilities pursuant to the requirements of Title III of the ADA. In the event the removal of the barriers and the alterations and modifications required hereby are not timely completed in all respects, Defendant shall pay AFD $100 a month in liquidated damages for each month time period that the removal of the barriers and the alterations and modifications identified in Exhibit "A" are not completed. The Parties understand that the Plaintiffs' actual damages are not readily ascertainable and may be more than this amount if determined by the Court, but agree that this amount is fair and reasonable in order to compensate Plaintiffs for the delay caused by Defendant's failure to timely remove all barriers and complete the required alterations and modifications.

## 4. Compromise

4.1 The Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission of any liability, wrongdoing, or

responsibility on the part of the Released Parties (as defined in section 5.1 below). The Released Parties expressly deny any such liability, wrongdoing, or responsibility.

## 5. Release Given By Plaintiffs in Favor of Defendant

5.1 In exchange for the good and valuable consideration set forth herein, Plaintiffs and their respective agents, members, successors, assigns, parent entities, subsidiary entities, heirs, officers, predecessors, directors, affiliated persons and/or entities, and anyone claiming by or through them (collectively, the "Releasing Parties"), hereby fully and finally release, acquit, satisfy, and discharge Defendant, and each of Defendant's respective agents, predecessors, successors, assigns, heirs, parent entities, subsidiary entities, officers, directors, shareholders, employees, attorneys, affiliated persons or entities, including without limitation: (a) all of Defendant's parents, predecessors, successors, assignees, subsidiaries, affiliates and related entities, including without limitation Defendant, and its respective members, trustees, directors, employees, attorneys, and agents, and any and all other entities or person(s) related to or affiliated with them and all current and former tenants or lessees of the Facilities (collectively, the "Released Parties"), of and from any and all legal or equitable claims, demands, liabilities, debts, judgments, damages, expenses, actions, or causes of action of any kind that the Releasing Parties and each of them have or may have, whether known or unknown, including without limitation any and all claims arising under Title III of the ADA and/or any other federal, state, or local law governing access features and policies for persons with disabilities at public accommodations whether before any federal, state, or local agency, court of law, or in any other forum. This release also includes all claims for attorney's fees and costs, expert fees and costs, or any other fee or cost incurred to date, with the exception of any future action taken by any of the Parties to enforce the terms of this Agreement.

5.2 As a material inducement for Defendant to enter into this Agreement, Plaintiffs and each of them represent and warrant that he/she is not aware of any pending tort, contract, or other legal claims against Defendant, other than the specific claims brought in this Action under Title III of the ADA, which are released under this Agreement.

5.3 Plaintiffs represent and warrant that no portion of any of the matters released by this Agreement and no portion of any recovery or settlement to which they might be entitled have been assigned or transferred to any other person, firm, or corporation not a Party to this Agreement, in any manner, including by way of subrogation or operation of law or otherwise. If any claim, action, demand, or suit should be made or instituted against the Released Parties, or any of them, because of any such purported assignment, subrogation or transfer, Plaintiffs agree to indemnify and hold harmless the Released Parties, and each of them, against such claim, action, suit, or demand, including necessary expenses of investigation, attorney's fees, and costs.

4

## 6. Notice

6.1 Unless otherwise provided in this Agreement or by law, all notices or other communications required or permitted by this Agreement or by law to be served on or delivered to any Party to this Agreement shall be delivered as follows:

To Defendant:

Mite Andovski
4191 Pine Island Road
Sunrise, Florida 33351

To Plaintiffs:

Douglas S. Schapiro, Esq.
Chepenik & Trushin, LLP
12550 Biscayne Blvd., Suite 904
Miami, FL 33181

6.2 A Party may change such address for the purpose of this paragraph by giving timely written notice of such change to all other Parties to this Agreement in the manner provided in this paragraph.

## 7. Free Will

7.1 The Parties acknowledge that each has had an opportunity to consult with counsel of their own choosing concerning the meaning, import, and legal significance of this Agreement, and that each has done so to the extent desired. In addition, the Parties acknowledge that they each have read this Agreement, as signified by their signatures hereto, and are voluntarily executing the same after having had the opportunity to seek the advice of counsel for the purposes and consideration herein expressed.

## 8. Miscellaneous Terms and Conditions

8.1 This Agreement contains the complete settlement agreement between the Parties. Any and all prior agreements, representations, negotiations, and understandings between the Parties, oral or written, express or implied, with respect to the subject matter hereof are hereby superseded and merged herein.

8.2 This Agreement may be executed in counterparts or by copies transmitted by facsimile, all of which shall be given the same force and effect as the original.

8.3 This Agreement may be modified only by a written document signed by all of the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

8.4 This Agreement shall be binding upon the Parties hereto, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, attorneys, officers, families, heirs, spouses, and employees.

8.5 If any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

8.6 The Parties acknowledge that they have reviewed this Agreement in its entirety and have had a full opportunity to negotiate its terms, and therefore waive all applicable rules of construction that any provision of this Agreement should be construed against its drafter and agree that all provisions of the Agreement shall be construed as a whole, according to the fair meaning of the language used.

8.7 Plaintiffs represent that, other than the Action, neither of them have filed or authorized the filing of any complaints, charges, or lawsuits against Defendant with any federal, state, or local court, governmental agency, or administrative agency relating to the subject Facilities, and that if, unbeknownst to each Plaintiff, such a complaint, charge, or lawsuit has been filed on his or its behalf, he or it will use his or its best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

8.8 The parties and their Counsel agree to execute any and all further documents and perform any and all further acts reasonably necessary or useful in carrying out the provisions and purposes of this Agreement.

8.9 Each Party shall bear his or its own costs and attorneys' fees with respect to the negotiation and execution of this Agreement; except that, in any action or other proceeding to enforce rights hereunder, the prevailing Party shall recover from the losing party all attorneys' fees, litigation expenses, and costs.

8.10 The Parties agree that any ambiguities in this Agreement shall not be construed against the drafter of the Agreement.

8.11 This Agreement is entered into in, and shall be governed by and construed and interpreted in accordance with the substantive laws of, the State of Florida.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date(s) set forth below:

DATED: August 19, 2011

_____
ACCESS FOR THE DISABLED, INC.
By:
Title:

DATED: August 19, 2011

_____
Robert Cohen

DATED: August 24, 2011

_____
Patricia Kennedy

DATED: August ___, 2011

_____
For Andovski Corp
By:
Title:

7

8.11 This Agreement is entered into in, and shall be governed by and construed and interpreted in accordance with the substantive laws of, the State of Florida.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date(s) set forth below:

DATED: August __, 2011

ACCESS FOR THE DISABLED, INC.
By:
Title:

DATED: August __, 2011

Robert Cohen

DATED: August __, 2011

Patricia Kennedy

DATED: August __, 2011

For Andovski Corp
By: MITE ANDOVSKI
Title: PRESIDENT

**EXHIBIT A**

1.  As a reasonable accommodation to the removal of the front counter and lowering said counter to thirty-six (36) inches, Defendant shall place a sign in front of the cash register on the front counter that contains the international symbol of disability with the phrase, "Disabled Assistance Upon Request." Defendant shall provide a clip board containing a disabled sticker that shall be utilized by patrons requesting assistance when paying for goods.

2.  At the entrance door to both male and female bathrooms, Defendant shall remove the ½ inch trim surrounding the entrance to the doorway and provide a 32" clearance for the doorways to such bathrooms.

3.  Defendant shall institute a policy not to block the bathroom entrance door from opening ninety (90) degrees with a trashcan.

4.  Plaintiffs accept the modifications already made to the male and female bathrooms.

5.  Plaintiffs shall permit as a reasonable accommodation that the requirement of a 48 inch clearance in front of the toilets be waived based on the present ability to access the toilet from the side.

6.  Defendant shall remove the urinal in the men's bathroom.